IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

JUL − 2 2014

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

BRIAN R. DEVINE, NATHANIEL ADIBI, WILLIAM L.
ALEXANDER, GARY ARWAY, LYNN ARWAY, JOHN
R. BAER, JR., JASON L. BARSNESS, MATTHEW S.
BEAGLE, NICOLAS BEAVERS, THADDEUS J.
BEDNARSKI, MICHAEL BENJAMIN, JENNIFER
BENTLEY, MARK G. BIRDSONG, JAMES BLACKMON,
SR., MATTHEW J. BOND, BRIAN L. BOYD, EUGENE
CALLOWAY, STEVEN W. CARPENTER, MATTHEW J.
CHAPMAN, JIAR T.  CLANTON, KENNETH C. CLARK,
LEWIS CLEMENTS, ROGER W. CLEMENTS, H. BLAIR
CREDLE, IV, CHRISTOPHER W. CROCKETT,
NORBERTO CRUZ, JAMES M. CURTIS, WILLIAM
DARDEN, JACOB DAVIS, T. SCOTT DAVIS, ANGELA
M. DIPENTIMA, ROBERT J. ELLISON, COREY FELIX,
CHARLES R. FRAZIER, JR.,  ZACHARIAH L.
FREDERICK, DEANGELO FREEMAN, CHERINE F.
FREMONT, KIMBERLY GARDIN, PEDRO GERMOSEN,
WALTER L. GRANISON, JR., CHRISTOPHER A. HAKE,
CHRISTOPHER L. HALL, GREGORY C. HAMLIN,
REGINALD HAMPTON, ANGELO F. HARRIS, JR.,
THOMAS H. HENDRICKSON, BRANDT HESS, JASON L.
HICKS, KEITH R. HICKS, JAMES HIGGINS, JENIFER A.
HOOKS, BRIAN JOHNSON, NATHAN JONES, TIMOTHY
S. JONES, NICHOLAS KENNEDY, MICHAEL KEOUGH,
STEVEN D. KEPPLER, II, JEREMY KINCHELOE,
JEFFREY R. LAWRENCE, RACHEL A. LAWRENCE,
NICOLE LAZENBY, DENNIS LEONARD, KELLY
LUPTON, DANIEL C. MACKEY, DYLAN J. MAHNKE,
JACOB D. MARMET, FELIX A. MARTINEZ,
CHRISTOPHER S. MATTHIAE, LARRY E. MCCAY, JR.,
JOHN C. MCCOMAS, SR., MITCHELL MENGEL,
CHARLES L. MEYER, STEVE MILLERLEILE, BRENAE
MOECHOE, KATHLEEN MOFFAT, INKEN M. MYERS,
QUINCINA NEAL, MARK C. NELSON, KATHERINE
NOVAK, SEAN OLSON, MEGAN E. PARTLOW,
STEVEN J.  PEZANOWSKI, SCOTT A. QUESENBERG,
W. RAINES, ERIC RAUSCH,
KAREN C. ROBERTS, WAYNE ROBERTS, NATHAN A.
ROBERTSON, BRYAN A. ROWE, ERIK RUMMEL,
ORLANDO SANCHEZ, TRAVIS SHANNON,
CHRISTOPHER W. SMITH, DANIEL SMITH, SHAWN
SODER, VINCENT P. SORIANO, W. ARNOLD TAPLIN,

Civil Action No. 4:14cv81

TRIAL BY JURY DEMANDED

JERRY TERRILL, MICHAEL R. VANDENHEEDE,
BRANDON WILLIAMS, ERNEST WILLIAMS, JR.,
JENNIFER S. WILLIAMS, COLGAN G. WILSON, SEAN
WOLKOWICH, AND SANDRA K. YOUNGS,  et al. on
behalf of themselves and all others similarly situated,

                Plaintiffs,

v.

CITY OF HAMPTON, VIRGINIA,

                Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

COME NOW Plaintiffs Brian Devine, Nathaniel Adibi, William L. Alexander, Gary Arway, Lynn Arway, John R. Baer, Jr., Jason L. Barsness, Matthew S. Beagle, Nicolas Beavers, Thaddeus J. Bednarski, Michael Benjamin, Jennifer Bentley, Mark G. Birdsong, James Blackmon, Sr., Matthew J. Bond, Brian L. Boyd, Eugene Calloway, Steven W. Carpenter, Matthew J. Chapman, Jiar T. Clanton, Kenneth C. Clark, Lewis Clements, Roger W. Clements, H. Blair Credle, IV, Christopher W. Crockett, Norberto Cruz, James M. Curtis, William Darden, Jacob Davis, T. Scott Davis, Angela M. DiPentima, Robert J. Ellison, Corey Felix, Charles R. Frazier, Jr., Zachariah L. Frederick, Deangelo Freeman, Cherine F. Fremont, Kimberly Gardin, Pedro Germosen, Walter L. Granison, Jr., Christopher A. Hake, Christopher L. Hall, Gregory C. Hamlin, Reginald Hampton, Angelo F. Harris, Jr., Thomas H. Hendrickson, Brandt Hess, Jason L. Hicks, Keith R. Hicks, James Higgins, Jenifer A. Hooks, Brian Johnson, Nathan Jones, Timothy Jones, Nicholas Kennedy, Michael Keough, Steven D. Keppler, II, Jeremy Kincheloe, Jeffrey R. Lawrence, Rachel A. Lawrence, Nicole Lazenby, Dennis Leonard, Kelly Lupton, Daniel C. Mackey, Dylan J. Mahnke, Jacob D. Marmet, Felix A. Martinez, Christopher S. Matthiae, Larry E. McCay, Jr., John C. McComas, Sr., Mitchell Mengel, Charles L. Meyer,

Steve Millerleile, Brenae Moechoe, Kathleen Moffat, Inken Myers, Quincina Neal, Mark C. Nelson, Katherine Novak, Sean Olson, Megan E. Partlow, Steven J. Pezanowski, Scott A. Quesenberg, W. Raines, Eric Rausch, Karen C. Roberts, Wayne Roberts, Nathan A. Robertson, Bryan A. Rowe, Erik Rummel, Orlando Sanchez, Travis Shannon, Christopher W. Smith, Daniel R. Smith, Shawn Soder, Vincent P. Soriano, W. Arnold Taplin, Jerry Terrill, Michael Vandenheede, Brandon Williams, Ernest Williams, Jr., Jennifer S. Williams, Colgan G. Wilson, Sean Wolkowich, and Sandra K. Youngs (collectively "Plaintiffs"), by counsel, and make the following allegations on behalf of themselves and all others similarly situated:

### PRELIMINARY STATEMENT

1.      Plaintiffs are current and former employees of the City of Hampton, Virginia's Police Department. This proceeding seeks unpaid overtime for Plaintiffs and all others similarly situated, under the federal and state laws which establish the overtime compensation due to law enforcement officers.

2.      Count One is a Collective Action claim in which Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA" or "the Act") for themselves and others similarly situated.

3.      Count Two is brought under this Court's supplemental jurisdiction, also seeking unpaid overtime, but pursuant to the enhanced relief provided by Va. Code § 9.1-700, *et seq.* for Virginia law enforcement personnel. Plaintiffs bring Count Two for themselves, individually, and others similarly situated seeking class relief pursuant to Rule 23 Fed. R. Civ. P. Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation and liquidated damages pursuant to Va. Code § 9.1-700, *et seq.*

## PARTIES

4.      Defendant is the primary law enforcement agency in the City of Hampton,
Virginia and is comprised of police officers and various clerical, administrative, and
management personnel.  It employs approximately three hundred eighty (380) individuals,
including approximately two hundred eighty (280) sworn law enforcement officers.

5.      Defendant is an "employer" both within the meaning of 29 U.S.C. § 207(a)(1) and
Va. Code § 9.1-700.  Defendant was Plaintiffs' "employer" within the meaning of 29 U.S.C.
§ 203(d) and Va. Code § 9.1-700 and at all times relevant hereto.

6.      Plaintiffs are, or were, residents of Virginia and are, or were, officers employed
by Defendant.  At all times relevant hereto, Plaintiffs were officers who are, or have been,
employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and law
enforcement employees within the meaning of Va. Code § 9.1-700.

7.      Plaintiffs bring this action on behalf of themselves and other similarly situated
current and former employees of Defendant who were, or are, employed by Defendant as "Police
Officers" or "Law Enforcement employees" or with duties similar to "Police Officers" or "Law
Enforcement employees" and who were subject to the same uniform pay practices and policies.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), 28
U.S.C. §§ 1331, 2201, 2202 and seeks this Court's supplemental jurisdiction pursuant to 28
U.S.C. § 1367.

9.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

10.     Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## REPRESENTATIVE ACTION ALLEGATIONS FOR FLSA CLAIMS

11.     Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs.  Plaintiffs each consent to become party plaintiffs in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiffs' "Consent to Become Party to Collective Action Under 29 U.S.C. § 216," filed herewith.

12.     Defendant employs, and has employed, multiple persons in the same job functions and/or positions as Plaintiffs occupy.

13.     These employees perform, and have performed, functions which entitle them to payment of overtime compensation wages that they have not received.

14.     Defendant compensated, and continues to compensate, Plaintiffs and those similarly situated, on uniform compensation models common to all Plaintiffs or wide subsets of Plaintiffs and other persons performing similar job functions.

15.     On information and belief, all of Defendant's operations are centrally managed as a single enterprise, and all or most of Defendant's employees performing functions similar to Plaintiffs are subject to common, uniform time-keeping and payroll practices.  Defendant has additionally established certain uniform payroll policies and practices with respect to the payment of overtime compensation which apply to all Plaintiffs in the performance of law enforcement duties for Defendant.

16.     The FLSA "collective" of similarly situated employees is composed of all present and former employees of Defendant who performed the same or similar job functions as Plaintiffs and are or were subject to the same pay practices, and have been employed within three (3), or more, years of the date of filing of this action.

17. Plaintiffs assert that Defendant's willful disregard of the overtime laws described herein, as well as its active concealment of applicable FLSA/State Law rights, entitles Plaintiffs and similarly situated employees to the application of the three (3) year limitations period and, in addition, to equitable tolling of the otherwise applicable statutes of limitations.

18. At all times relevant hereto, Defendant was a "public agency" as that term is defined by 29 U.S.C. §§ 203(e)(2)(C) and 203(x).

19. Plaintiffs' titles and job duties, and the titles and job duties of those similarly situated to Plaintiffs, are specifically not exempt from the coverage of the FLSA.

20. At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

## GENERAL FACTUAL AND LEGAL ALLEGATIONS

21. Defendant employs Plaintiffs as "Police Officers."

22. As Police Officers, Plaintiffs' duties consist of maintaining the peace, protecting Hampton citizens, and investigating crimes and/or citizen complaints.

23. Defendant pays Plaintiffs on an hourly basis and has done so for all times pertinent to this action.

24. Plaintiffs and other similarly situated employees work regularly scheduled work hours which recur each work week or after each period of workweeks. Officers are generally scheduled to work based on a twenty eight (28) day cycle. As required, for on-call, extra duty assignments and other non-recurring types of assignments, officers may be assigned additional hours of work.

25. Federal law allows municipalities to diverge from the standard FLSA overtime scheme under which employees are paid overtime for all hours worked over forty (40) in a week.

Pursuant to 29 U.S.C § 207(k), municipalities are permitted to make an election of a seven (7) to twenty eight (28) day cycle (with corresponding maximum hours between 43 and 171). By way of Chapters Five and Eight of its Personnel Policies Manual, Defendant purports to have availed itself to this benefit and further purports to have made a 28 day/170 hour election. Therefore, per federal law, Plaintiffs should receive overtime compensation for all hours worked over one hundred seventy (170) in a twenty eight (28) day period.

26.     In 2005, state law was amended to require that Virginia law enforcement officers working for jurisdictions employing 100 or more law enforcement employees pay overtime compensation for the difference in the regularly scheduled workweek, or, generally, one hundred sixty (160) hours in a twenty-eight day period and the 171 hour federal maximum allowed by 29 U.S.C. § 201(k). Va. Code § 9.1-700 *et seq.*

27.     Va. Code § 9.1-701 further requires law enforcement employees be paid at an overtime rate for all "hours of work" beyond the hours for which they are paid. In pertinent part that statute states:

> Employers shall pay[....]law-enforcement employees overtime compensation or leave, as under the Fair Labor Standards Act, 29 U.S.C. § 207(o), at a rate of not less than one and one-half times the employee's regular rate of pay for all hours of work between the statutory maximum permitted under 29 U.S.C. § 207(k) and the hours for which an employee receives his salary, or if paid on an hourly basis, the hours for which the employee receives hourly compensation.

28.     Unlike the FLSA, which only counts hours actually worked toward overtime entitlement (*See* 29 USC § 207(e)(2)), Va. Code § 9.1-703 titled "Hours of Work" determines overtime entitlement by the hours spent in "paid status." It dictates that "[f]or purposes of computing [....] law-enforcement employees' entitlement to overtime compensation, all hours that an employee *works or is in a paid status* during his regularly scheduled work hours shall be counted as hours of work." (emphasis added.)

29.     Throughout Plaintiffs' employment with Defendant, Plaintiffs and other similarly situated employees were regularly required to work in excess of one hundred and seventy (170) hours in certain twenty eight (28) day cycles, and/or alternately in excess of forty (40) hours in a seven (7) day cycle..

30.     Throughout Plaintiffs' employment with Defendant, Defendant did not pay Plaintiffs or other similarly situated employees overtime compensation for (a) all hours worked in excess of one hundred and seventy (170) hours in each twenty eight (28) day period and (b) all paid status hours in excess of the one hundred and sixty (160) hours for which they received hourly compensation.

### UNIFORM PATROL OFFICERS

31.     Plaintiffs within Uniform Patrol work regular rotating schedules of four (4) days on and two (2) days off, with shifts of 8.5 hours for each scheduled day.

32.     Likewise, for each day not worked, or taken as leave, Defendant deducts on an 8.5 hour per day basis.

### K-9 OFFICERS

33.     K-9 handlers typically worked either the four (4) on, two (2) off schedule described in paragraph 31 above, or a five (5) on, two (2) off schedule normally reserved for those individuals within Investigative Services. Hours spent caring for their dogs were not considered when determining such officers' eligibility for overtime compensation.

34.     Until approximately March or April, 2014, Plaintiffs who were K-9 handlers within Uniform Patrol were told they would be paid a $1,200 annual stipend as compensation for time caring dogs beyond scheduled hours, without regard to the actual number of hours worked. However, K-9 handlers spent far more hours caring for their animals than compensated by the allotted annual stipend.

8

INVESTIGATIVE SERVICES OFFICERS

35.     Plaintiffs within Investigative Services work rotating schedules of five (5) days on and two (2) days off, with 8 hour shifts for each scheduled day.

36.     Defendant paid Plaintiffs for one hundred and sixty (160) hours for every twenty-eight (28) day cycle regardless of whether their regularly scheduled (and paid status) hours exceeded one hundred and sixty (160). Thus, regular paid status hours for those Plaintiffs above 160 in the pay cycle were not compensated in accordance with Va. Code § 9.1-700, *et seq.*

37.     For at least some pay periods during the actionable time frame, Defendant has utilized a seven (7) day, forty (40) hour cycle for the purposes of determining overtime eligibility for officers in Investigative Services. However, for these pay periods, Defendant as failed to pay all overtime owed for hours worked and/or in paid status above forty (40) in a seven (7) day cycle.

INACCURATE PAYROLL RECORDS AND OTHER ACTIONS DESIGNED TO DELAY OR THWART PAYMENT OF OVERTIME COMPENSATION

38.     Moreover, since at least the 2005 implementation of 9.1-700 *et seq.*, the paychecks provided to officers, particularly those within Uniform Patrol, have inaccurately reflected that only 160 hours paid status for each 28 day cycle, despite numerous cycles where that information was clearly and objectively false and Plaintiffs were scheduled to work hours over 160 in a 28 day cycle.

39.     State and federal law require that employers maintain accurate records of employees time worked or in paid status for compensation purposes. See, e.g. 29 C.F.R § 516 *et seq.*, Va. Code § 9.1-703 Defendant's provision of inaccurate hours worked and/or paid status hours on paychecks have prevented employees from fully understanding the existence, and detail and extent, of the Defendant's underpayment of overtime compensation. On information and

belief, Defendant's misrepresentations of hours worked were knowingly made to avoid the payment of overtime compensation due under state and/or federal law.

40. Plaintiffs, and officers acting on their behalf, voicing concerns regarding the underpayment of overtime have approached Defendant's senior management regarding the underpayment of overtime compensation. On at least one occasion, Defendant's senior management have advised putative plaintiffs that the Department would pay unpaid overtime compensation and that they should not retain counsel or preserve claims with litigation. Relying on such representations, Plaintiffs delayed filing the instant action.

### CULTURE OF DISCOURAGING SUBMISSION OF OVERTIME FOR ALL HOURS WORKED AND/OR IN PAID STATUS

41. Defendant has enforced a policy or practice of discouraging submission of known hours worked beyond scheduled time by Plaintiff officers. Efforts to enforce such culture or practice include supervisors' refusal to accept or submit overtime hours, chastising officers for attempted submission of overtime hours and the characterization of attempted submission of overtime hours as "nickel and dime"-ing the Department.

42. Additionally, pursuant to departmental policy, the Defendant has required officers to "volunteer" time at certain community events in order to become eligible for various promotions and/or pay increases. Such "volunteered" time is not calculated as paid status or time worked, although it is required by the Department.

### OFF-THE-CLOCK HOURS WORKED

43. Overtime compensation was not paid to Plaintiffs or those similarly situated for hours worked for Defendant's benefit, but which were not recorded or compensated by Defendant. Often, such hours worked within a twenty eight (28) day cycle resulted in an employee's work hours totaling more than the one hundred and sixty (160) they were paid for or

the one hundred and seventy (170) hour cycle purportedly elected by Defendant. Such uncompensated hours worked "off-the-clock," include, but may not be limited to, hours spent attending shift-change lineups, completing departmental paperwork, contacting witnesses, maintaining take home vehicles, K-9 care, coerced or required "volunteer" assignments within the community, and time spent while engaged to wait during "On-Call" assignments.

UNCOMPENSATED "ON-CALL" STATUS

44.     Chapter Five of Defendant's Personnel Policies Manual for police officers draws a distinction between the compensability of "On-Call" time and "Call-Out" time. Time spent "On-Call" is purportedly paid automatically (excluding meal and sleep time); whereas time spent in a "Call-Out" status is compensated only when officers are actually called to service. Officers called in to work while in "Call-Out" status are, by policy, entitled to receive a minimum of two hours pay. In practice, Defendant has often avoided making such minimum two hour payments through subsequent "flexing" of officer time (the re-characterization of hours worked and status for such hours) and/or are ignored altogether.

45.     Officers assigned by the department to work extra time are routinely told that they are in an "On-Call" status, but are not compensated in accordance with "On-Call" pay policy. Rather, officers in "On-Call" status are paid as if they were in a "Call-Out" status, resulting in fewer overtime hours compensated.     On information and belief, Defendant's later re-characterization of hours worked and status was designed to avoid the payment of overtime compensation.

FORCED COMPENSATORY TIME

46.     Municipalities, such as Defendant, may elect to pay compensatory time at one and one half credit in lieu of in cash overtime payments, in accordance with 29 C.F.R. § 553.23, where the employee has expressly agreed to accept compensatory time rather than cash

payments. However, where Plaintiffs have worked on-the-clock overtime hours, Defendant has routinely required Plaintiffs to accept compensatory time rather than cash overtime compensation, despite the lack of an express agreement. Officers who have expressly disagreed to such practice have had it forced upon them. There exists little meaningful opportunity for an officer to successfully request overtime to be paid as a cash payment rather than as a compensatory time credit.    Though HPD has created a form that purports to allow officers a choice between a cash overtime payment and the accrual of compensatory time, the use of the form is dissuaded and, on the rare occasions that officers have attempted to select overtime payment, they are often ignored and instead unilaterally paid overtime as compensatory time.

47.    On information and belief, within the last ten (10) years, nearly all, if not all, overtime accrued by officers has been paid as compensatory time and little, if any, has been paid as cash overtime compensation.

<u>ALTERING TIME RECORDS TO AVOID PAYMENT OF OVERTIME</u>

48.    Additionally, in an effort to avoid the accrual or payment of overtime compensation, the Department routinely alters the status of officers' *previously accrued* paid status days within a cycle so as to avoid overtime accrual under Va. Code § 9.1-700 et seq. For example, if an officer has already taken a paid vacation or sick day within a 28 day cycle and is required to work beyond his or her schedule later in the pay cycle, the Department will unilaterally erase the paid leave day and re-characterize that day as a "flexed" day, falsely recording that the officer did not work or take paid leave, and, therefore, altering the earlier paid status day. Because state law delineates vacation and sick days as 'paid status" days, to be counted toward overtime entitlement, this practice retrospectively erases paid status hours for the sole and express purpose of avoiding payment of owed overtime compensation.

49.    Defendant continues to deny Plaintiffs and similarly situated employees' overtime compensation to which they are entitled.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

50.    At all times relevant to the matters alleged herein, Defendant has engaged in a pattern, practice or policy of not compensating Police Officers in accordance with state and federal mandates for certain overtime work performed for Defendant's benefit.

51.    The FLSA requires covered employers such as Defendant to compensate Police Officers at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of the elected cycle length, in this case one hundred and seventy (170) hours in a twenty (28) day period, and/or alternately forty (40) in a seven (7) day cycle..

52.    At all times relevant hereto, Defendant knew that federal wage laws, generally, and the FLSA, specifically, applied to Plaintiffs and others similarly situated.

53.    Defendant had knowledge of their FLSA requirements to pay "Police Officers" overtime compensation for hours worked in excess of one hundred and seventy (170) hours in a twenty (28) day period, and/or alternately forty (40) in a seven (7) day cycle.

54.    Defendant had knowledge that Plaintiffs and all others similarly situated often worked off the clock and beyond Plaintiffs' normally scheduled hours. Defendant required such off the clock work and freely accepted the benefit of this time, and at a minimum suffered and permitted this practice.

55.    Despite knowledge of their obligations under federal wage laws, including the FLSA, Defendant suffered and permitted Plaintiffs and the similarly situated employees to routinely work in excess of one hundred and seventy one (170) hours in a twenty (28) day

period, and/or alternately forty (40) in a seven (7) day cycle, without paying all overtime compensation due.

56.    Defendant has an obligation under the FLSA to maintain accurate records of time worked by employees.

57.    Defendant has failed, and continues to fail, to maintain accurate time records of the time Plaintiffs and other similarly situated employees expended efforts on their behalf as required by the FLSA.

58.    Defendant willfully violated the FLSA by requiring its officers to perform tasks off-the-clock, and despite suffering and permitting the same, made it unduly difficult, if not impossible for those officers to seek owed compensation for those hours. Defendant failed to pay Plaintiffs, and other similarly situated employees, overtime compensation for such hours when the addition of those hours pushed their total hours worked in excess of one hundred and seventy (170) hours in a twenty-eight (28) day period, and/or alternately forty (40) in a seven (7) day cycle. Defendant further willfully violated the FLSA by insisting that those overtime hours it was willing to acknowledge had to be accrued as compensatory time and not cash overtime.

59.    Defendant willfully violated the FLSA by failing to keep accurate time records of all hours worked by Plaintiffs and other similarly situated employees.

60.    The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew or showed reckless disregard for the fact that the City's compensation practices were in violation of these laws.

61.    Plaintiffs, and other similarly situated present and former employees, are entitled to statutory damages equal to the mandated overtime premium pay within the three (3) (or more) years preceding the filing of this Complaint.

62.     Moreover, such action by Defendant demonstrates a willful and/or reckless disregard for the FLSA's overtime requirements for law enforcement personnel. Although Defendant had an obligation to make proper inquiry into its FLSA compliance obligations, it failed to do so or, having inquired, it ignored or willfully attempted to avoid its legal obligations.

63.     Defendant has not acted in good faith with respect to their failure to pay overtime compensation. Defendant had no legitimate reason to believe their actions and omissions were *not* a violation of the FLSA, thus entitling Plaintiffs, and those similarly situated, to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

## RULE 23 CLASS ACTION ALLEGATIONS

### A.     Class Definition

63.     Plaintiffs, the Rule 23 Class Representatives, seek to maintain claims pursuant to Va. Code § 9.1-701, individually, on their own behalves, and on behalf of a class of current and former Hampton City Police Department who, during any time within the liability period, were employed in ranks below Lieutenant and below. Current and former Hampton City Police Department employees who hold or have held positions of Lieutenant and above are excluded from the class for such periods of the liability period in which they were employed at the ranks of Lieutenant and above.

### B.     Efficiency of Class Prosecution of Common Claims

64.     Certification of a class of current and former officers is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Class Representatives and the proposed class. Conversely, proceeding on an individual basis will require the filing of potentially hundreds of duplicative individual suits which will waste

judicial time and resource and create the risk of inconsistent or varying adjudications of common issues.

### C. Numerosity and Impracticality of Joinder

65. The class which the Class Representatives seek to represent are so numerous that joinder is impracticable. On information and belief, there are over three hundred (300) current and former Hampton police officers during the liability period who have been unlawfully denied overtime compensation to which they are entitled by virtue of Va. Code §§ 9.1-701, *et seq*.

### D. Common Questions of Law and Fact

66. The application of Defendant's Hampton Departmental overtime accrual, exercise of overtime, and timekeeping policies present common issues of fact in this matter. Moreover, Defendant has utilized centralized scheduling and compensation practices in the calculation and payment of overtime compensation which apply uniformly to the class representatives and to those other officers they seek to represent. On information and belief, all present and former Hampton police officers were subject to the same centralized scheduling and compensation practices during the liability period.

67. Common issues of fact exist in this matter as to whether Defendant's scheduling and compensation practices violated applicable state and federal law regarding Virginia law enforcement personnel's entitlement to and Defendant's payment of overtime compensation.

### E. Typicality of Claims and Relief Sought

68. The claims of the Class Representatives are typical to those of the class members as a whole in that their claims are based on the same scheduling and compensation practices. The relief sought by the Class Representatives for overtime compensation is also typical of the relief which is sought on behalf of the proposed class.

### F.  Adequacy of Representation

69.  Plaintiffs are adequate class representatives. Their interests are co-extensive with those of the members of the proposed class they seek to represent in this class. They have knowledge of Defendant's scheduling and compensation practices. They are committed to being representatives of the class, and they have retained counsel experienced in prosecuting class action employment cases to protect the interests of the class.

### G.  Rule 23(B)(3) Requirements

70.  Common questions of law and fact predominate over any questions affecting only individual members because the basis of any claims herein is the common application of departmental policies and procedures, as well as the common scheduling and compensation practices of Defendant.

71.  A class action is superior to other available methods for adjudicating the controversy because other methods would involve the filing of hundreds of individual claims that are based on the same centralized scheduling and compensation facts and the same legal issues regarding the same. Hundreds of individual cases would clog the court and waste judicial time and resources. Moreover, multiple individual cases based on the same legal issue could lead to inconsistent or varying adjudications of the same issue.

72.  The putative class members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized scheduling and compensation practices and their recovery in either an individual or class action will be based on the amount of overtime compensation that they have been denied by Defendant.

73.  The Class Representatives and counsel are not aware of any other litigation concerning the controversy that has already begun by proposed class members.

74.     It is desirable to concentrate the claims in this forum because the employment practices complained of herein occurred exclusively in this forum.

75.     The Class Representatives and counsel do not foresee any substantial difficulties in managing a class action and counsel is experienced in managing class action litigation in this forum.

## COUNT TWO
### VIOLATIONS OF VA. CODE §§ 9.1-700 et seq.

76.     Defendant has willfully violated Va. Code §§ 9.1-701 through 9.1-703 by depriving Plaintiffs and others subject to the same policies of earned overtime pay.

77.     Defendant's policy and practice of not paying anything for hours worked and/or in paid status above 160 in a 28 day cycle, and/or alternately forty (40) in a seven (7) day cycle, violates Va. Code § 9.1-700 et seq. and has deprived Plaintiffs, and others who are subject to the same policies, of earned wages.

78.     Defendant's policy and practice of retrospectively attempting to erase already paid occurred status hours so as to reduce or eliminate overtime liability has resulted in significant underpayment of earned overtime compensation and evinces a willful violation of Va. Code § 9.1-700 et seq.

79.     Pursuant to Va. Code § 9.1-704, Plaintiffs are entitled to payment of the withheld overtime compensation, an additional presumed doubling of that amount, and payment for Plaintiffs' attorney's fees and costs of this proceeding.

80.     Defendant's creation of manifestly false pay stubs served to actively conceal the Defendant's ongoing failure to account for and pay overtime compensation owed pursuant to Va. Code § 9.1-700 et seq. As such, Plaintiffs and other similarly situated employees are entitled to

overtime compensation for periods of time in excess of three (3) years from the date this action was filed through the doctrine of equitable tolling.

### PRAYER FOR RELIEF FOR COUNT ONE
### (PLAINTIFFS' FLSA CLAIMS)

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Approve notice, as soon as possible, to those employees and former employees similarly situated to Plaintiffs, namely all Police Officers, and other employees performing the duties of Police Officers who were employed by Defendant during any portion of the three (or more) years immediately preceding the filing of this action, of the existence of this FLSA representative (collective) action, the claims set forth herein and further provide notice of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b).  Generally, this notice should inform such employees and former employees that this action has been filed, describe the nature of the action and explain their right to opt in to this lawsuit if they were not paid the proper overtime wage compensation for their hours worked in any week during the statutory period;

B.      Designate this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

C.      Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

D.      Enter judgment awarding Plaintiffs, and all similarly situated present and former employees, actual compensatory damages in the amount shown to be due for unpaid overtime compensation, with pre-judgment interest, against Defendant;

E.      Enter judgment that Defendant's violations of the FLSA were willful;

F.      Enter judgment awarding Plaintiffs and all similarly situated present and former employees an amount equal to their overtime damages as liquidated damages;

G.      Enter judgment for post-judgment interest at the applicable legal rate;

H.      Enter judgment awarding Plaintiffs, and those similarly situated, reasonable attorney's fees and costs of this suit;

I.      Grant leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable state and federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206; and/or to add other defendants who meet the definition of Plaintiffs' employer, pursuant to 29 U.S.C. § 203(d);

J.      Enjoin Defendant from future violations of the FLSA through the mandated payment of overtime compensation to similarly situated employees for hours worked in excess of the elected cycle; and

K.      Grant such other and further relief as this Court deems necessary and proper.

### PRAYER FOR RELIEF FOR COUNT TWO
### (PLAINTIFFS' RULE 23 STATE LAW CLAIMS)

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Certify this action asserting the putative class' rights under Va. Code §§ 9.1-701, *et seq.* to proceed as a class action, pursuant to Rule 23 Fed. R. Civ. P. upon Plaintiff's filing of a motion for class certification, with notice to those employees and former employees similarly situated to Plaintiffs, namely all Police Officers, and other employees performing the duties of Police Officers who were employed by Defendant during any portion of the three (or more) years immediately preceding the filing of this action, of the existence of this action, the claims set forth herein and notice of their rights herein;

B.    Award appropriate declaratory relief regarding Defendant's unlawful acts and practices, in violation of Va. Code §§ 9.1-701 through 9.1-703;

C.    Award appropriate injunctive relief to prevent such practices continuing in the future;

D.    Award appropriate back pay in amounts equivalent to Plaintiffs' previously deprived wages, and a doubling of the same pursuant to Va. Code §§ 9.1-701 through 9.1-704.

E.    For an award of reasonable attorney's fees and costs incurred on Plaintiffs' behalf, pursuant to Va. Code § 9.1-704.

F.    For such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

Brian L. Devine, Individually, and all others similarly situated,

By: _____
                                    Counsel

Harris D. Butler, III, (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Butler Royals, PLC
140 Virginia Street, Ste 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: harris.butler@butlerroyals.com
       zev.antell@butlerroyals.com