IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| BRIAN R. DEVINE, *et al.* on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HAMPTON, VIRGINIA,<br><br>Defendant. | Civil Action No. 4:14cv81-AWA-LRL |

### BRIEF IN SUPPORT OF CONSENT MOTION FOR STANDING ORDER
### [DEEMING ALL OPT-INS TO BE JOINED AS PARTY PLAINTIFFS]

COME NOW Plaintiffs Brian Devine, *et al.*, Individually, and on behalf of themselves and all others similarly situated, by counsel, and with the consent of the Defendant, and in support of their motion for entry of a Standing Order deeming all those who have filed or will file a Consent To Become Party To Collective Action Under 29 U.S.C. § 216 after July 2, 2014, to be joined in the instant action as Party Plaintiffs for all purposes, state the following:

1. On or about July 2, 2014, Plaintiffs Brian Devine, et al., Individually, and on behalf of themselves and all others similarly situated ("Original Plaintiffs") filed their Collective and Class Action Complaint ("Complaint") against Defendant City of Hampton, Virginia ("Defendant") seeking payment of unpaid overtime benefits under Federal and State law.

2. At the time of filing, Original Plaintiffs consisted of One-hundred and five (105) current and/or former City of Hampton Police Officers all of whom filed a Consent To Become Party To Collective Action Under 29 U.S.C. § 216(b) ("Consent to Opt-In") contemporaneously therewith.

3.  Since the initial filing on July 2, 2014, the following forty-nine (49) additional similarly-situated current and/or former Hampton City Police Officers ("Later Plaintiffs") have filed Consents to Opt-In to join this lawsuit:

| Last Name, First Name | Date Consent filed | Document No. |
| --- | --- | --- |
| Anderson, Michael A. | 07.09.14 | 09-1 |
| Clatterbuck, Alyssa T. | 07.10.14 | 10-1 |
| Collins, Richard | 07.11.14 | 12-1 |
| Cooke, Steven L. | 07.11.14 | 12-2 |
| Dessoffy, Kenneth B. | 07.03.14 | 03-1 |
| Dickson, Scott C. | 07.16.14 | 14-1 |
| Elliott, O. David | 07.09.14 | 09-2 |
| Feliciano, Raymond | 07.14.14 | 14-2 |
| Figueroa, Juan | 07.03.14 | 03-2 |
| Flora, Melissa D. | 07.03.14 | 03-3 |
| Forbes, Timothy | 07.03.14 | 03-4 |
| Frescatore, III, Robert L. | 07.07.14 | 06-1 |
| Gallishaw, Herbert | 07.09.14 | 09-3 |
| Giles, David | 07.03.14 | 03-5 |
| Greatheart, William A. | 07.07.14 | 06-2 |
| Gryszko, Scott J. | 07.07.14 | 06-3 |
| Hipple, Robert J. | 07.10.14 | 10-4 |
| Humphries, Joshua | 07.10.14 | 10-6 |
| Jansson, Joseph E. | 07.10.14 | 10-7 |
| Johnson, Stephen M. | 07.10.14 | 10-3 |
| Jones, Sammy E. | 07.09.14 | 09-4 |
| Kincaid, Mark E. | 07.09.14 | 09-5 |
| Kline, Andrew | 07.08.14 | 08-1 |
| Legette, Tiffany | 07.03.14 | 03-6 |
| LePage, Brian | 07.03.14 | 03-7 |
| Little, Robert G. | 07.03.14 | 03-8 |
| Long, Jr., Anthony | 07.10.14 | 10-2 |
| Lyon, Christopher | 07.08.14 | 08-2 |
| McCaulely, Jr., David J. | 07.09.14 | 09-6 |
| Mocello, John M. | 07.03.14 | 03-9 |
| Moreland, Amanda | 07.03.14 | 03-10 |
| Moreland, James | 07.03.14 | 03-11 |
| Peck, Nakia Clarke | 07.11.14 | 12-3 |
| Peele, Matthew | 07.03.14 | 03-12 |
| Perkins, John A. | 07.16.14 | 14-3 |
| Quinones, Allison N. | 07.16.14 | 14-4 |
| Rhone, Karla D. | 07.16.14 | 14-5 |
| Rodey, Steven | 07.11.14 | 12-4 |

| Last Name, First Name | Date Consent filed | Document No. |
| --- | --- | --- |
| Sapp, Titus C. | 07.16.14 | 14-6 |
| Saunders, Christine | 07.16.14 | 14-7 |
| Sledge, Miles | 07.03.14 | 03-13 |
| Turner, David E. | 07.10.14 | 10-5 |
| Vega, Xiolmarie | 07.07.14 | 06-4 |
| Viney, Robert | 07.11.14 | 12-5 |
| Ward, Jr., William | 07.07.14 | 06-5 |
| Williams, Jr., Reginald C. | 07.03.14 | 03-14 |
| Williams, Reginald S. | 07.09.14 | 09-7 |
| Williams, Saeed T. | 07.16.14 | 14-8 |
| Wisniewski, Michael | 07.16.14 | 14-9 |

4. In addition to claims made under the FLSA (the "Federal Claims"), Later Plaintiffs also have claims under Virginia Code § 9.1-700, *et seq.* (the "Virginia Law Claims"). These Virginia Law claims have an identical factual and legal basis to the claims asserted under Virginia Code § 9.1-700, *et seq.* by Original Plaintiffs on July 2, 2014.

5. While the filing of Consents to Opt-In serve to halt the applicable statute of limitations for the Federal Claims, the Virginia Law Claims of Later Plaintiffs remain subject to the applicable statute of limitations until that portion of a Plaintiff's claim is joined into the case.

6. Plaintiffs believe there are a number of current and/or former City of Hampton Police Officers who are not currently members of the collective as Original or Later Plaintiffs, but who will seek to join this lawsuit in the near future, some time prior to Plaintiffs moving for certification of the Federal or Virginia Law claims under the FLSA and/or Rule 23, respectfully, ("Future Plaintiffs").

7. Accordingly, Plaintiffs seek to establish a process by which both the Federal and Virginia Law Claims of these Future Plaintiffs (as well as Later Plaintiffs) can be preserved in a manner that does not prejudice Defendant or create judicial inefficiency.

8. With the Defendant's consent, the Plaintiffs propose that this Court issue a standing order whereby each person who files (or has previously filed) a Consent to Opt-In be joined as a Party Plaintiff for all claims asserted in this action, including the Virginia Law Claims. (A copy of Plaintiffs' Proposed Standing Order was filed with Plaintiffs' motion.)[1]

9. Barring the entry of such a Standing Order, the alternatives available to preserve the Virginia Law Claims of these Later and Future Plaintiffs would be both cumbersome and inefficient. One option would be for Plaintiffs to seek to amend the Complaint (to add a party Plaintiff) each time a Consent to Opt-In is filed.[2] A second option would be for Future Plaintiffs, upon the filing of the Consent to Opt-In to the FLSA claim before this Court, to also file separate Complaints preserving their Virginia Law Claims in federal or state court. While the first proposed alternative would be cumbersome and tax the resources of this Court, the second alternative may create the possibility of inconsistent outcomes, as well as the possibility that the parties will litigate the same claims (with different Plaintiffs) in two separate actions and/or courts.

10. Accordingly, Plaintiffs (with the consent of the Defendant) respectfully request that this Court issue a Standing Order whereby upon the filing of the Consents to Opt-In Under 29 USC § 216(b) (filed by Plaintiffs' current counsel of record), Future Plaintiffs (and those who have already filed Consents to Opt-In) will be deemed to be joined as Party Plaintiffs in this case, for all claims asserted in this action.

---

[1] Plaintiffs' current counsel have previously sought, and been granted, similar standing orders in class/collective claims regarding the Virginia law enforcement overtime statute before this Court. *See Davenport et al. v. City of Richmond* 3:12-cv-00710-HEH-DJN (Order entered 10/10/12), *Rogers et al. v. City of Richmond* 3:11-cv-00620-HEH (Order entered 10/13/11), *Carroll et al. v. County of Henrico* 3:12-cv-00105-HEH (Order entered 3/5/12), and *Washington v. Sheriff C.T. Woody* 3:11-cv-00725-HEH (Order entered 1/23/12).

[2] Every Future Plaintiff with an FLSA claim will also have a Virginia Law Claim because the Virginia Law Claims allege payment for hours and types of work status not necessarily mandated by the FLSA.

11. This Standing Order, if granted, would protect the Virginia Law claims of all Plaintiffs who decide (or have decided) to join this action prior to certification under the FLSA or Rule 23. The Order would not speak to the merits of the FLSA or Virginia law claim(s), nor would it deprive Defendant of any defenses to FLSA or Rule 23 certification but would simply allow Future Plaintiffs who desire to opt-into the federal claims in this action to also preserve their state law claims without the filing of a separate proceeding or seeking leave of this Court for each wave of additional Plaintiffs filing opt-in consents under the FLSA.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court enter a Standing Order whereby those individuals filing (or who have filed) a Consent To Opt-In form (filed by Plaintiffs' current counsel of record) be deemed to have also joined this action as Party Plaintiffs for all purposes upon the filing of their Consent to Opt-In forms.

Date: July 16, 2014

Respectfully submitted,

Brian L. Devine, Individually, and all others similarly situated,

By /s/Zev Antell
Harris D. Butler, III, (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Butler Royals, PLC
140 Virginia Street, Ste 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: harris.butler@butlerroyals.com
zev.antell@butlerroyals.com

*Attorneys for Plaintiffs*