IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

BRIAN R. DEVINE, et al. on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

CITY OF HAMPTON, VIRGINIA,

    Defendant.

Civil Action No. 4:14cv81-DEM

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT/MOTION TO DISMISS**

Pursuant to either Federal Rule of Civil Procedure 56(a) or Federal Rule of Civil Procedure 12(b)(6), Defendant City of Hampton ("Defendant" or "City"), by counsel, moves this Court to dismiss Roger Clements and Christopher Crockett as improper plaintiffs who fall outside of the class definition.

**Factual Background**

This matter arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. section 201 *et seq.*, and involves claims for overtime compensation brought by current and former sworn law enforcement officers of the City. On February 4, 2015, this Court conditionally certified the class, ECF No. 46, and defined proper class members as individuals who "have performed work as a law enforcement officer for [the City] at a rank of sergeant or below anytime between July 2, 2011 and the present," and who "were not paid overtime wages for all of [their] hours worked, inclusive of any 'off-the-clock' non-compensated hours worked, in excess of forty (40) hours in a 7 day period and/or one hundred and seventy one (171) hours in a 28-day period." ECF No.

46, attach. 1 at 2. Opt-in plaintiffs Roger Clements and Christopher Crockett fall outside of this class definition and, as such, must be dismissed from this action.

Roger Clements and Christopher Crockett fail to meet the requirement that class members be at the rank of sergeant or below between December 2011 and the present. Mr. Clements became a Lieutenant with the City on April 2, 2005 and Mr. Crocket resigned from his position as a Police Officer on September 24, 2007. *See* Declaration of K. Patrice McCrickard, Exhibit 1.

### Argument and Authorities

The Court may dismiss the improper plaintiffs under either Federal Rule of Civil Procedure ("Rule") 56(a) or 12(b)(6). Per Rule 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party carries the initial burden to demonstrate the absence of any genuine dispute as to a material fact; thereafter, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Here, there is no dispute as to the employment status or history of these plaintiffs, which places them outside of the class definition. Accordingly, summary judgment is appropriate to dismiss these improper plaintiffs. *See, e.g., LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-00363, 2014 U.S. Dist. LEXIS 87342, at *4-6 (E.D. Va. June 24, 2014) (granting partial summary judgment and dismissing four opt-in plaintiffs for their failure to meet the class definition and twenty-eight plaintiffs whose claims were time-barred).

Alternatively, the Court may dismiss the improper plaintiffs under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiffs' allegations. "In

considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A Rule 12(b)(6) motion must be granted if "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Id.* Simply put, the improper plaintiffs cannot obtain relief in this class action suit because they are not entitled to remain in the suit as plaintiffs. When this Court set the requirements for class members, only those individuals who qualified were permitted to proceed in the suit. These six plaintiffs are not "similarly situated" to the other 208 opt-in plaintiffs. This lack of similarity, as evidenced by their failure to meet the class definition, bars them from participation in this suit.

## Conclusion

Because plaintiffs Roger Clements and Christopher Crockett fall outside the class definition, the City requests that the Court grant this Motion and enter summary judgment in the Defendant's favor as to the claims of these improper plaintiffs and/or dismiss them from the class in this collective action suit.

Respectfully submitted,

**CITY OF HAMPTON, VIRGINIA**

By: */s/ Scott W. Kezman*
Scott W. Kezman (VSB No. 36831)
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, Virginia 23510-1665
(757) 624-3000
(888) 360-9092 Facsimile
Email: swkezman@kaufcan.com

Lola Rodriguez Perkins (VSB No. 46433)
OFFICE OF THE HAMPTON CITY ATTORNEY
22 Lincoln Street

Hampton, Virginia 23669
(757) 727-6127
(757) 727-6788 Facsimile
Email: lrperkins@hampton.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Zev H. Antell (VSB No. 74634)
>BUTLER ROYALS, PLC
>140 Virginia Street, Suite 302
>Richmond, Virginia 23219
>(804) 648-4848
>(804) 237-0413 Facsimile
>Email: zev.antell@butlerroyals.com
>*Counsel for Plaintiffs*

>By: */s/ Scott W. Kezman*
>Scott W. Kezman (VSB No. 36831)
>KAUFMAN & CANOLES, P.C.
>150 West Main Street, Suite 2100
>Norfolk, Virginia 23510-1665
>(757) 624-3000
>(888) 360-9092 Facsimile
>Email: swkezman@kaufcan.com

>Lola Rodriguez Perkins (VSB No. 46433)
>OFFICE OF THE HAMPTON CITY ATTORNEY
>22 Lincoln Street
>Hampton, Virginia 23669
>(757) 727-6127
>(757) 727-6788 Facsimile
>Email: lrperkins@hampton.gov

>*Counsel for Defendant*

14308426v2